JOURNAL ENTRY AND OPINION
This is an appeal from an order of Juvenile Court Judge Robert A. Ferrari that dismissed appellant Anthony Hunter's pro se objections to a support order of appellee Child Support Enforcement Agency ("CSEA"). Hunter contends he was incarcerated and requested a continuance of the hearing on his objections. He claims it was error to dismiss his objections for lack of prosecution and we agree. We vacate the order and remand.
We note that, despite notice and service, the CSEA has not filed an appellee's brief. App.R. 18(C) provides:
 If an appellee fails to file his brief within the time provided by this rule[, twenty days after service of the appellant's brief], * * * he will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.
We accept as correct Hunter's statement of the facts and issues, because they do not conflict with our review of the record contained in the Juvenile Court file.
On July 28, 1998, an administrative hearing officer issued an order in accordance with R.C. 3111.22 which established the parent-child relationship between Hunter and the child, James Hunter, born November 4, 1987. Hunter did not receive notice of this order, and the record does not disprove this conclusion. Contrary to the assertion of the dissent, even if Hunter had received notice, however, he could not have filed an appeal from the parentage order and would have, as he did here, wait for the entry of a support order. Marsh v. Clay (July 20, 1995), Cuyahoga App. NO. 67854, unreported.
Later, on August 31, 1998, the CSEA held a hearing for the purpose of determining Hunter's support obligation. Pamela Teague, James' mother, appeared at the hearing but Hunter did not receive notice of the hearing as required pursuant to Ohio Admin. Code 5101:1-32-03(G), and the record does not disprove this conclusion.
In an order dated September 22, 1998, the CSEA made the following findings of fact:
 1. That on July 28, 1998, the parent-child relationship was established between the father, Anthony Hunter, and the child, James Hunter pursuant to an order made by an administrative hearing officer of the Cuyahoga Support Enforcement Agency in accordance with Section 3111.22 of the Ohio Revised Code and that thirty (30) days have passed since the issuance of said order which order is now final.
 2. That the child, James Hunter, resides with the mother, Pamela Teague, hereinafter referred to as "OBLIGEE" and that the father, Anthony Hunter, hereinafter referred to as "OBLIGOR" has a duty for the payment of child support to the mother and/or her assigns.
3. That the Obligor is currently incarcerated.
 4. That the Obligee is a recipient of means-tested assistance (TANF).
 5. That Obligor's current support obligation, as determined under the guidelines embodied in Ohio Revised Code Section 3113.215, is $50.00 per month,
WHEN RELEASED.
 6. That health insurance coverage for the child who is the subject of this order is not available at a reasonable cost through a group health insurance or health care policy, contract, or plan offered by the Obligor's employer or through any other group health insurance or health care policy, contract, or plan available to the Obligor or the Obligee.
On October 20, 1998, Hunter filed a "Motion in Objection to the C.S.E.A. Administrative Order," pursuant to R.C. 3111.22(C)(4)(b) and R.C. 2151.231 in the juvenile court. In his brief in support, he argued that the September 22, 1998 order should be set aside because he did not receive notice of the August 31, 1998 support obligation hearing. He also requested that the cause be continued until he received discovery of all of the records the hearing officer relied upon in rendering her findings of facts as set forth in the September 22, 1998 order. He further alleged that he was indigent and could not afford counsel to represent him. The CSEA did not file a response to his "motion."
On November 23, 1998, the case was assigned to the judge's docket and referred to Magistrate Darlene Amato-Bursnahan for a Monday, February 1, 1999 pretrial hearing. On the Monday preceding the hearing date, January 26, 1999, Hunter filed a motion for continuance, indicating that he could not personally attend any pretrial hearings because of his incarceration in the Lebanon Correctional Institution.[1] He suggested that, since his obligation did not arise until after his release from prison (with the earliest possible parole date of December 2003), no one would endure prejudice if the action were continued until that time. He asserted a denial of his right to due process because he had not had any opportunity to participate in any hearing associated with the matter. "It is my contention," he wrote, "that a fair and just judgement for support to the established parent [-] child relationship, can be better established with my presence." The CSEA did not file a response to the motion.
The magistrate filed her decision on February 4, 1999, indicating that although both Hunter and Teague failed to appear, an assistant county prosecutor was present. She recommended that the case be dismissed because Hunter "failed to appear and provide Court with evidence to [sic] as to his Objection to the Administrative Order issued on 8-31-98. Administrative Order shall be this Court's Order until further order of Court." It further required him to pay court costs of $67.99 within (30) days upon his release from prison.
On February 19, 1999, Hunter filed his objections, noting that before the time of the hearing, his motion for continuance had not been ruled upon. He also asserted that the CSEA administrative order should not become final until after he is released from prison, when "a realistic plan may be agreed upon to assure the child[']s, mother's and gather's rights are protected." Hunter further argued that the court could have issued a capias ad respondendum to assure his presence at the time of hearing.
On May 20, 1999, the judge confirmed, approved, and adopted the magistrate's decision, essentially dismissing this action based upon Civ.R. 41(B)(1) and (4), an involuntary dismissal with prejudice for failure to prosecute.
In his single assignment of error, Hunter argues:
 THE COURT ERRED IN APPROVING THE MAGISTRATE'S DECISION TO DISMISS APPELLANT'S CASE DUE TO HIS FAILURE TO APPEAR, WHERE APPELLANT FILED A MOTION FOR CONTINUANCE INFORMING THE COURT OF THE IMPOSSIBILITY TO APPEAR DUE TO INCARCERATION.
As he asserted below, Hunter continues to claim that the CSEA failed to serve him with the order establishing the parent-child relationship or with notice of hearing on the question of support and, therefore, he was denied his opportunity to timely object. He also argues that the "motion in objection," which contained his affidavit attesting to the lack of service, provided the magistrate with evidence of his objection, contrary to the conclusion of both the magistrate and the judge. In addition, Hunter contends that his motion for continuance should have been granted until such time as an alternative method of recording his testimony for purposes of trial could be used. He further argues that because the CSEA did not respond to his requests for discovery the case should have been continued. Finally, he states it was error to tax costs to him because he is indigent.
While we do not agree with the contention that a four-year continuance is "reasonable" under the circumstances, we do agree that the action should not have been dismissed in light of the fact that CSEA did not contest Hunter's verified assertion that he did not receive notice of the support obligation hearing in accordance with R.C. 3111.22(C)(5)(c)[2]
and Ohio Admin. Code 5101:1-32-03(G).[3] Despite Hunter's absence at the hearing, the judge should have considered the effect upon his rights resulting from the lack of notice of the administrative support obligation hearing and rendered appropriate relief.[4]
The judgment is vacated and the action is remanded for further proceedings consistent with this opinion.
It is ordered that the appellant recover from appellee his costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Juvenile Court Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J., CONCUR; MICHAEL J. CORRIGAN, J., DISSENTS (SEE DISSENTING OPINION).
[1] Cuyahoga County, Juvenile Div., Loc.R. 10(A) requires the movant to submit all requests for continuances "to the assigned Judge or Referee in writing at the earliest time possible, at least three working days before the day of trial or hearing."
[2] The legislature amended the statute in 1999, H.B. 471, effective July 1, 2000. This section is now found at R.C. 3111.22(E)(1).
[3] Contrary to the dissenting opinion, we do not conclude that the judge erred in denying the motion for continuance; we conclude that the judge improperly dismissed the action without considering the merits of Hunter's uncontested, verified assertion that he did not receive notice of the administrative support obligation hearing as required by both statute and administrative rule.
We further note that the record does not contain the child support computation worksheet required by R.C. 3113.215(E). This is an additional and independent reason for reversal of this action. E.g., Brooks v. King
(June 23, 2000), Lawrence App. No. 99 CA 24, unreported.
[4] Contrary to the assertion of the dissent, Hunter could not have filed a direct appeal from the parentage order. Marsh v. Clay (July 20, 1995), Cuyahoga App. No. 67854, unreported.